

# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
cburke@karpf-law.com

June 25, 2020

**SENT VIA ECF**

The Honorable Lois H. Goodman
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:  *Graham v. Monmouth County Buildings and Grounds, et al.*
     Civil Action No.: 19-18763

Dear Judge Goodman:

I represent Plaintiff in the above-referenced matter. I write respecting various discovery disputes and pursuant to Local Rule 37.1. Defendants served formal responses to written discovery on June 2, 2020 and have been making supplementations since. Plaintiff immediately served a formal deficiency letter on Defendants dated June 4, 2020 respecting various blanket objections made by Defendants as to certain requests. Defendants have since responded to that deficiency letter this Tuesday on June 23, 2020. The dispute at issue pertains to Comparator Information and Comparator Complaints (which are Interrogatories Nos.: 7, 9, and related Document Requests Nos.: 11, 12, 13, and 16)(each Request and the County's Responses are attached collectively as "Exhibit A"). Depositions start next week of material witnesses; Plaintiff and Defendants were urged by this Court to proceed with depositions forthwith, however Plaintiff intends to keep these depositions open and re-depose these witnesses as he hasn't obtained any of the germane discovery that the asked for in this case.

Plaintiff ("Luther Graham") pursues claims against his former employer: Monmouth County Building and Grounds (and several individually named managers) for race discrimination and retaliation. The statutes at issue are Title VII, the LAD, Section 1981 and the First Amendment.

Under Title VII, the LAD and Section 1981, a Plaintiff is required to prove a *prima facie* case of discrimination as well as evidence of pre-text sufficient to re-but an employer's proffered legitimate non-discriminatory/non-retaliatory reasons for separation.[1] Mr. Graham is a black male who claims *inter alia* he was terminated due to his race and because he filed a federal lawsuit against the County.

---

[1] Courts have made it clear that for an employee to raise an inference of discrimination in employment discrimination cases, and/or to establish pretext, a plaintiff can do so by showing (among other evidence) an employer's disparate treatment of



# KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

During discovery, Mr. Graham served various interrogatories and document requests specifically aimed at seeking other instances of similar policy violations which lead to Mr. Graham's suspension and ultimate termination, and to discover how the County and the decision-makers in this case handled those incidents (for non-black employees who had not made formal complaints of race discrimination) in comparison to how they proceeded with Mr. Graham's employment. Defendants have confirmed as of today that <u>no comparator information will be supplied absent a Court Order</u> (even despite Plaintiff's insistence the Parties agree upon various confidentiality measures to alleviate their concerns of confidentiality, such as redacting names, a confidentiality order and the like, which is what most District Courts across the County order in any event to quell the concerns of Defendant employers or public employers).

While Defendants generally claim that they cannot supply any other disciplinary information/investigations or other complaints of discrimination on the basis of "Executive Order 11[2]" -- Courts in the Third Circuit and across the Unites States hold that this information is discoverable in civil rights discrimination and retaliation suits, and same is still subject to production despite asserted confidentiality concerns as made here. State courts in New Jersey have similarly held.[3]

---

other employees. *See Ray v. Ropes & Gray LLP*, 799 F.3d 99, 114 (1st Cir. 2015)("plaintiff in a disparate treatment case may attempt to show that others similarly situated to him in all relevant respects were treated differently by the employer"); *see also Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638-39 (3d Cir. 1993); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644-45 (3d Cir. 1998), citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (plaintiff can establish an inference of discrimination and/or pre-text by establishing that the employer has treated more favorably other similarly situated persons not within the protected class); *Cypher v. California University of Pennsylvania*, 914 F. Supp 2d 666, 667 (WD Pa 2012; Fischer, J.)("the question of whether other employees are similarly situated is fact-intensive" and a plaintiff who has stated a plausible claim for relief should be "entitled to engage in discovery as to whether the alleged comparators are, in fact, similarly situated"); Sims v. Court of Common Pleas of Allegheny County, 2010 WL 3896428, at *4 (W.D.Pa. 2010). "Whether comparators are similarly situated is generally a question of fact for the jury." *Abdul-Latif v. Cty of Lancaster*, 990 F. Supp 2d 519, 522 (ED Pa 2014); See McDonald v. Village of Winnetka, 371 F.3d 992, 1002 (7th Cir.2004) (collecting cases); see also McClain v. Pa., Dept. of Corrections, 2011 WL 2670204, at *9 (W.D.Pa. 2011) (denying motion for summary judgment where "[b]ased on the record evidence and viewing all evidence in the light most favorable to plaintiff ... a reasonable fact finder could conclude that [plaintiff] and [proposed comparator] were similarly situated.").

[2] Executive Order 11 states, in relevant part, as follows:

> "[A]n instrumentality of government shall not disclose to anyone other than a person duly authorized by this State or the United States to inspect such information in connection with his official duties, personnel or pension records of an individual . . ."

*See* NJ Exec. Order No. 11 (Nov. 15, 1974). Pursuant to the Executive Order No. 11, the New Jersey Open Public Records Act ("OPRA") states as follows:

> [T]he personnel or pension records of any individual in the possession of a public agency, including but not limited to records relating to any grievance filed by or against an individual, shall not be considered a government record and shall not be made available *for public access*, except that:
> . . .



# KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

Personnel records are properly discoverable where "(1) the material sought is 'clearly relevant,' and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." *In re Sunrise Secs. Litig.*, 130 F.R.D. 560, 579 (E.D. Pa. 1989) (citing In re Hawaii Corp., 88 F.R.D. 518, 524 (D. Haw. 1980)). Their discovery is confidential and should be limited. *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994)(Tittle VII/1981 suit, *wherein* the Court held "In *Department of the Air Force v. Rose,* 425 U.S. 352, 48 L. Ed. 2d 11, 96 S. Ct. 1592 (1976), the United States Supreme Court held that disclosure of personnel files would be permissible under a protective order redacting the names and characteristics of the subjects involved. In the present case, it is clear that disclosure of Boeing's personnel files would constitute an invasion of privacy. However, the contents of the personnel file of plaintiff's replacement is clearly within the scope of Rule 26(b), and goes to the issue of pretext."); *see also Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 197 (E.D. Pa. 2001) (granting plaintiff's motion to compel discovery of personnel files pursuant to an agreement among the parties to maintain the information in confidence). *See Mercado v. Division of New York State Police,* 989 F. Supp. 521 (S.D.N.Y. 1998) (granting plaintiff's motion to compel discovery of personnel files who were not named defendants in Title VII action); *Gavenda v. Orleans County,* 174 F.R.D. 265 (W.D.N.Y. 1996) (*see id*.);*Watts v. Kimmerly,* 1996 U.S. Dist. LEXIS 6203, No. 1:95-CV-279, 1996 WL 911254 (W.D. Mich. Apr. 12, 1996) (affirming magistrate's order that granted plaintiffs' motion to compel discovery of personnel files of Parties who were not named defendants in Title VII action). *See  See Northern v. City of Philadelphia*, 2000 U.S. Dist. LEXIS 4278, 2000 WL 355526, *10-11(E.D. Pa. Apr. 4, 2000) (holding that plaintiff was only entitled to the discovery of personnel files of employees who were charged with similar misconduct of violating department directives or specifications); *Basiru Kanaji v. Phila. Child Guidance Ctr. of Children's Hosp.*, CIVIL ACTION NO. 00-937, 2001 U.S. Dist. LEXIS 8670, at *1 (E.D. Pa. June 20, 2001) (compelling production of personnel files of only those employees who were alleged to engage in similar conduct, and only the portions of those files reflecting the conduct and discipline imposed); *Upshaw v. Janssen Research & Dev., LLC*, No. 11-7574, 2014 U.S. Dist. LEXIS 40303, at *18-19 (E.D. Pa. Mar. 26, 2014)(Plaintiff is not entitled to the entire file, but only to those [*19] portions that are relevant to her claims. "Discovery of personnel files must be limited to documents relevant to the plaintiff's claims because of the confidential information within these files." *Apollo*, 2013 U.S. Dist. LEXIS 180032, at *5 (limiting disclosure of personnel files of similarly situated employees to information relating to the plaintiff's claims).

---

> [P]ersonnel or pension records of any individual shall be accessible ***when required to be disclosed by another law***, when disclosure is essential to the performance of official duties of a person duly authorized by this State or the United States, or when authorized by an individual in interest.

<u>N.J.S.A.</u> 47:1A-10 (emphasis added).

[3] *See e.g. Madlinger v. N.J. Transit Corp.*, No. A-2310-16T2, 2017 N.J. Super. Unpub. LEXIS 2726, at *8 (Super. Ct. App. Div. Oct. 30, 2017)(in LAD discrimination suit, affirming discovery of personnel files, as "[c]learly, some of the material in those records would be relevant to plaintiff's claim of disparate treatment. . . .").



# KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

> In order to establish a prima facie case of unlawful discrimination, Plaintiff must prove that he and those other officers were similarly situated. The evidence concerning Defendants' decision-making process in leveling disciplinary charges and in pursuing disciplinary proceedings is highly relevant because it will either help establish Plaintiff's prima facie case of discrimination, or, on the other hand, help substantiate Defendants' non-discriminatory reasons for Plaintiff's treatment. While I am mindful of Defendants' assertions that production of the files will be "overbroad, burdensome, and duplicative," the balance here favors production, with appropriate limitations. There are thirty-seven specifically identified personnel files as issue. Therefore, Defendants shall make available the OPS files that Plaintiff has requested, with appropriate safeguards against misuse of the information

*Jones v. City of Wilmington*, 299 F. Supp. 2d 380, 394-95 (D. Del. 2004)(race discrimination action brought by Plaintiff against City, police department and individual officers).

Unless Defendants are inclined to waive their right to contest Plaintiff's ability to establish an inference of discrimination, he is entitled to discovery on his proofs as to disparate treatment for similar conduct under the same managers. Plaintiff's requests are narrowly limited in i.) substance to incidents similar in kind the policy violations alleged; ii.) the same management within the Department of Public Works under Defendant Robert Compton; and iii.) and temporal scope limited to a five (5) year period. Plaintiff has no objection to a confidentially order or redaction of the names of the individuals in question, and Plaintiff does not want every scrap of paper in a personnel file, but rather disciplinary documents only and any investigations surrounding same by the Office of Professional Standards (who investigated Mr. Graham's conduct and ultimately came to a decision). The disciplinary history of comparators in Mr. Graham's department is not in his possession or control, and while Defendants insinuated he may *know of* some incidents through his Union contacts, same is not the same as verifying the incidents through County documents which would actually be admissible at trial.

As to Defendants' refusal to turn over any other complaints of race discrimination against Defendant County and any individually named Defendants: "Without question, complaints of discrimination made by other employees against an employer are relevant on a number of fronts." *Madlinger v. New Jersey Transit Corp*., 2017 N.J. Super. Unpub. LEXIS 2726, *5 (App.Div. October 30, 2017)(citing *Connolly v. Burger King Corp.*, 306 N.J. Super. 344, 347-49, 703 A.2d 941 (App. Div. 1997)). Information "relating to other charges of discrimination which may have been raised against defendant by its employees in the past is, as a general proposition, relevant because the existence of a pattern of discrimination in a job category may well justify an inference that the practices complained of were motivated by improper factors." *EEOC v. Princeton Healthcare Sys*., Civil Action No. 10-4126 (JAP), 2011 U.S. Dist. LEXIS 58056, at *51 (D.N.J. May 31, 2011); *Bell v. Lockheed Martin Corp*., 270 F.R.D. 186, 194 (D.N.J. 2010)(same).



# KARPF, KARPF & CERUTTI, P.C.
ATTORNEYS AT LAW

Plaintiff respectfully requests Court intervention on the issue, or alternatively the opportunity to submit a formal Motion and Briefing on same.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

        */s/ Christine E. Burke*

        Christine E. Burke, Esq.

Cc:    All counsel of record via ECF