# EXHIBIT A

same job or similar job within Defendant(s) that Plaintiff(s) held under any of the same managers who supervised Plaintiff directly or indirectly at the time of Plaintiff's separation of employment.

B.   The names of every individual who was hired as an employee, consultant or independent contractor for the same or similar job as Plaintiff's or individual who was transferred into the same or similar job within Defendant(s) within the same physical location wherein Plaintiff worked (or was considered based); and

C.   For each person identified in subparts A and B above, identify (1) his or her exact job title upon hire, (2) his or her application date, (3) his or her actual start date with Defendant(s), (4) the supervisor to whom the individual reported to upon hire, and (5) the date in which the Defendants first publicized or posted the positions as being available within Defendants or to the public; and

D.   The race of each individual responsive to this request.

**ANSWER: Defendant objects to this interrogatory on the grounds of ambiguity. Specifically, it is unclear what information Plaintiff is seeking under A and B above. Without waiver of said objection, Defendant advises that as of this date, Plaintiff's Sr. Electrician position remains vacant, as does the Supervising Electrician position formerly held by Aaron Kinney prior to his retirement. Defendant further states that in or about late 2019/early 2020, a Senior Electrician from the security unit was looking for a change and requested a transfer to the Electrical crew, HVAC crew or to a position in a facility. He was transferred to Buildings and Grounds to assist with the backlog of work, however, this transfer was not to Plaintiff's or Mr. Kinney's position, which as stated remain vacant. Defendant reserves the right to amend and supplement its answers to this interrogatory.**

**INTERROGATORY NO. 7 [COMPARATOR INFORMATION]**

Plaintiff is entitled to comparator information to determine if there was a disparate treatment with respect to discipline and / or termination of plaintiffs, and to that end, please identify

A. The name of every individual, within the last 5 years at plaintiff's work location or under any of the same management as plaintiff, who was given verbal or written admonishment, warning, reprimand, or discipline for stealing time, improper work breaks, excessive time spent performing work tasks, and/or dishonesty of any kind;

B. As to information provided in response to subpart A herein and for each individual identified, please specifically identify (1) the date of each verbal or written admonishment, discipline, reprimand or warning, (2) the reasons for such a garnishment, disappointing, reprimand or warning be given to the employee (or former employee), (3) the manager who gave the verbal or written warning, admonishment, reprimand or discipline to the employee (or former employee), and (4) the outcome of the warning, discipline, reprimand, admonishment e.g. whether it was a

10

first step discipline, final written warning, or last chance agreement, and whether it resulted in termination, suspension or other penalties).

**ANSWER:   Defendant objects to this interrogatory as overly broad, unduly burdensome, vague and calling for protected personnel information. Disclosure of any such disciplinary action is prohibited by New Jersey Executive Order 11. Defendant reserves the right to amend and supplement its answers to this interrogatory.**

### INTERROGATORY NO. 8 [NOTICE OF PLAINTIFFS FEDERAL SUIT]

Please identify all County employees who defendant County contends were notified internally of plaintiff 2016 Federal lawsuit, including the dates of such notice. This includes any dates for meetings respecting notice, investigation, exposure, litigation strategy and the like. Plaintiff is not requesting any privileged information, but is entitled to know who within the County, including the Freeholders, human resources personnel and anyone with a management position - were notified of the suit and when.

**ANSWER:   Defendant objects to this interrogatory on the grounds of relevance. Specifically, this interrogatory is not calculated to obtain information relevant to any claim or defense. Defendant reserves the right to amend and supplement its answers to this interrogatory.**

### INTERROGATORY NO. 9: [DIRECT MANAGEMENT INFORMATION]

If Defendant(s) management or human resources personnel ever received any formal, informal, or legal complaints by any current or former employees (directly or indirectly) about or concerning any of the managers who supervised Plaintiff(s), please provide: (a) the name of the complaining current or former employee; (b) the nature or summary of the complaint(s); (c) the date(s) of the complaint(s); and (d) the outcome of the complaint(s) (i.e. what action, if any, was taken as to the management employee complained about).

[PLEASE NOTE THAT THIS INTERROGATORY ONLY SEEKS INFORMATION ABOUT ANY MANAGERS WHO DIRECTLY SUPERVISED PLAINTIFF DURING PLAINTIFF(S) LAST YEAR OF EMPLOYMENT WITH DEFENDANT(S)]

**ANSWER:   Defendant objects to this interrogatory as overly broad, unduly burdensome, vague and calling for protected personnel information. Disclosure of any such complaints is**

prohibited by Executive Order 11. Defendant reserves the right to amend and supplement its answers to this interrogatory.

## INTERROGATORY NO. 10 [SURVEILLANCE OF PLAINTIFF]

As related to all observation, surveillance, and tracking of plaintiff's job responsibilities, job tasks, time to complete job tasks, and/or location while working, please identify: (1) the name of all individuals and/or companies who performed the observation/surveillance (hereinafter, the investigators), (2) whether the investigators are/were employed by defendants or a third party, and if by a third-party the name of the third party, (3) the day or best available time frame on which the investigator for a first contacted by defendant or defendant's agents for the purpose of observation/surveillance of plaintiff and the method that contact (e.g., phone, email, text), (4) what, if any, compensation defendants paid to the investigators for the observation/ surveillance of plaintiff, and (5) whether a contract or agreement for the observation/observance of plaintiff exists between defendants and investigators (if so, please provide a copy).

**ANSWER: Defendant objects to this interrogatory as overly broad and ambiguous. Specifically the phrase "observance, surveillance, and tracking" of Plaintiff has many different meanings depending on the context in which it is used. Without waiver of said objection, in a good faith effort to answer this interrogatory, Defendant interprets this interrogatory to refer solely to the investigation regarding Plaintiff's theft of time. To that end, Plaintiff is advised that the County maintains and utilizes security camera footage at each of its facilities. No specific individual gathers this information. Further, as to aspects 1-3 above, please see the Creative Solutions Investigations report. As to numbers 4 and 5, such documents to be supplied. Defendant reserves the right to amend and supplement its answers to this interrogatory.**

## INTERROGATORY NO. 11: [NON-ATTORNEY PROVIDERS OF INFORMATION]

Identify each and every person who answered and/or assisted in answering these Interrogatories from Defendant (excluding counsel).

**DOCUMENT REQUEST NO.10- JOB DESCRIPTIONS OF PLAINTIFF:**

Please provide copies of every job description that Defendant(s) contend Plaintiff(s) was governed by or which Plaintiff(s) was provided any time during Plaintiff(s) employment with Defendant(s).

**ANSWER: Please see attached. Defendant reserves the right to amend and supplement its answer to this document request.**

**DOCUMENT REQUEST NO.11- COMPARATOR DISCIPLINE:**

Plaintiff is entitled to comparator evidence to demonstrate Plaintiff(s) was treated disparately with respect to the rationale for Plaintiff(s) discipline and/or termination. For any reasons Defendant(s) contends Plaintiff(s) was terminated from employment, provide documents showing every other person who was admonished (formally or informally, i.e. via e-mail or otherwise), coached, counseled, disciplined, placed on probation or given some form of improvement plan for the same or similar reasons within the last 5 years (regardless of whether the comparator employee was or was not terminated from Defendant(s)).

[This Document Request seeks information about comparator employees solely where any
of Plaintiff(s) immediate or primary managers were involved with or aware of such discipline where decision maker's in Plaintiff(s) termination from employment were aware of such discipline or participants in administering such discipline to comparator employees.]

**ANSWER:   Defendant objects to this document request as overly broad, unduly burdensome, vague and calling for protected personnel information. Disclosure of any such disciplinary action is prohibited by New Jersey Executive Order 11. Defendant reserves the right to amend and supplement its answer to this request.**

**DOCUMENT REQUEST NO.12- COMPARATOR INVESTIGATION(S):**

Please provide all documents evidencing, reflecting, or discussing investigation or review of any employees of Defendant(s) for stealing time, improper work breaks, excessive time spent performing work tasks, and/or dishonesty of any kind. For each individual investigated in responsive documents, please provide documents containing or evidencing any self-disclosure of his or her race, ethnicity, and/or national origin. This request is limited in time to the past seven (7) years.

**ANSWER:   Defendant objects to this document request as overly broad, unduly burdensome, vague and calling for protected personnel information. Disclosure of any such disciplinary action is prohibited by New Jersey Executive Order 11. Defendant reserves the right to amend and supplement its answer to this request.**

**DOCUMENT REQUEST NO.13- COMPARATOR DAVID MAGNENAT:**

8

Please provide the following documents: (1) the complete personnel file of Mr. Magnenat;
(2) any and all documents evidencing or reflecting investigation(s) of Mr. Magnenat by the Monmouth County Prosecutor's Office and/or Monmouth County Office of Professional Standards, including the outcome of such investigation(s), if any.

**ANSWER: Objection is made to this request for documents as the files of the Monmouth County Prosecutor's office are not in the custody or control of Defendant. Documents maintained by the Office of Professional Standards to be supplied. Defendant reserves the right to amend and supplement its answer to this request.**


## DOCUMENT REQUEST NO.14- REPLACEMENT INFORMATION:

Please produce the following personnel documents for individuals hired for the same or similar position as Plaintiff(s) for 1 year following Plaintiff(s) termination from employment:

a) Copies of each individual's resume(s);

b) Copies of each individuals job application(s);

c) Copies of all information reflecting the hiring date(s), compensation offer(s), position for which the employee was hired, the group and/or management the employee was to work within, and the physical location wherein the individual was considered based;

d) and EEO documentation reflecting the race of this individual.

**ANSWER: N/A, no such persons exist. Defendant reserves the right to amend and supplement its answer to this request.**


## DOCUMENT REQUEST NO.15- PLAINTIFF CONCERNS / COMPLAINTS:

Please produce every note, e-mail, memo or other document that in any reflects, references,
illustrates or evidences:

a) Any concern or complaint ever expressed verbally or in writing by Plaintiff(s) to any employee or former employee of Defendant(s);

b) Any investigation or review that was undertaken by an employee of Defendant(s) about Plaintiff(s) concern(s) or complaint(s);

c) Any documentation prepared or created, including but not limited to witness statements, about, concerning or related to Plaintiff(s) concern(s) or complaint(s);

9

d) Any documents reflecting the outcome of such investigation or review of Plaintiff(s) concern(s) or complaint(s); and

e) Copies of any and all warnings, training or re-training requirements, discipline or notices given to any individual as a result of Plaintiff(s) concern(s) or complaint(s).

**ANSWER: Defendant objects to this request for documents as overly broad, and that such documents were already produced to Plaintiff as part of <u>Graham I</u>. Defendant reserves the right to amend and supplement its answer to this request.**

## <u>DOCUMENT REQUEST NO.16- COMPARATOR COMPLAINTS:</u>

Please provide:

a) Documentation reflecting any verbal or written complaint made by an employee about retaliation or race discrimination within the County during the last 7 years;

b) Documentation reflecting all aspects of any investigation or review of the employee complaint and outcome;

c) Documentation reflecting any and all actions taken about the complaint, including but not limited to notices, memoranda, discipline or other requirements given to the management employee who was complained about.

**ANSWER:   Defendant objects to this document request as overly broad, unduly burdensome, vague and calling for protected personnel information. Disclosure of any such disciplinary action is prohibited by New Jersey Executive Order 11. Defendant reserves the right to amend and supplement its answer to this request.**

## <u>DOCUMENT REQUEST NO.17- ELECTRONICALLY-STORED INFORMATION:</u>

Please provide all electronically-stored information ("ESI") including but not limited to emails, text messages, instant messages, and voicemails contained in the inboxes (archived/deleted), and within the possession or control of Defendant Compton, Defendant Krzyzanowski, J. Tobia, J. Cerreta, G.Talavera, M. Pattman, and F. Trango, Jr.; and containing the terms:

- Luther
- Graham
- Luther Graham
- Kinney
- Aaron
- Aaron Kinney
- jury
- trial
- Lawsuit

10